**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

ARNOLD TURNER,                                                                                    PETITIONER
Reg # 24128-009

v.                                                    2:12-cv-00117-JLH-JJV

T. C. OUTLAW, Warden,                                                                         RESPONDENT
FCI Forrest City, AR

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J.
Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections
should be specific and should include the factual or legal basis for the objection.  If the objection
is to a factual finding, specifically identify that finding and the evidence that supports your
objection.  An original and one copy of your objections must be received in the office of the United
States District Court Clerk no later than fourteen (14) days from the date of the findings and
recommendations.  The copy will be furnished to the opposing party.  Failure to file timely
objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or
additional evidence, and to have a new hearing for this purpose before either the District Judge or
Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted)
was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

### DISPOSITION

## I.    BACKGROUND

Petitioner, Arnold Turner, is serving a 180-month sentence at the Federal Correctional Complex  in Forrest City, Arkansas.  (Doc. No. 5-1.)  He filed the Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254, challenging the validity of prior state convictions used to enhance his federal sentence.  (Doc. No. 2 at 1-6.)  Mr. Turner seeks to have these convictions vacated and "expunged from the record." (Doc. No. 1 at 13.)  Respondent counters that Petitioner is no longer in custody for purposes of 28 U.S.C. § 2254 because his state sentences have expired (Doc. No. 5 at 2) and his Petition is time barred.

## II.    DISCUSSION

After carefully reviewing the record, the Court concludes that Petitioner's claims are without merit.  He admits he no longer satisfies the in-custody requirement of 28 U.S.C. § 2254, but argues he is still entitled to relief because of the "collateral consequences in his federal prosecution." (Doc. No. 2 at 6.)  The Supreme Court has already addressed this issue, holding that once the sentence has completely expired, the individual is no longer "in custody" for purposes of habeas corpus attack, even if that conviction has been used to enhance the sentence of a later conviction. *Maleng v. Cook*,

490 U.S. 488 (1989).

As far as any challenge to Petitioner's federal sentence, these arguments are more appropriately raised in a 28 U.S.C. § 2255 petition. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) ("A federal inmate generally must challenge a conviction or sentence through a § 2255 motion"). The savings clause of § 2255 does permit federal inmates to challenge his or her sentence in a petition pursuant to  28 U.S.C. § 2241 when the  § 2255 remedy would be inadequate or ineffective, but Petitioner has not made the requisite showing here. *Id.* ("The inmate bears the burden of showing that the remedy is inadequate or ineffective.").

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   Mr. Turner's Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice for lack of jurisdiction.

DATED this 1st day of August, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE